LUNSFORD DOLE PHILLIPS #4407
1620 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 533-1734
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DALE MARCZAK, | ) | CIVIL NO. 07-00418 JMS/KSC |
|---|---|---|
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| vs. | ) | |
| LEHUA COCKTAIL LOUNGE, INC | ) | |
| Defendant. | ) | |

### FINDINGS AND RECOMMENDATION

On August 7, 2007, Plaintiff filed and duly served Defendant with a Complaint and Summons, alleging its violation of Title III of the Americans With Disabilities Act, claiming he had been discriminated by Defendant's failure to remove architectural barriers. 42 U.S.C. § 12182 (b) (2) (A) (iv).

Defendant made no response to the Complaint, and at Plaintiff's request the clerk filed an Entry of Default on November 6, 2007. Although under no obligation to do so, Plaintiff mailed Defendant a file-stamped copy of the default. Defendant has once again made no response. Plaintiff filed a Motion For

Judgment By Default on December 10, 2007 and served Defendant by mail. The motion came on for hearing on January 14, 2008. Defendant failed to appear or file any opposition, and therefore the court granted the motion, directing Plaintiff to submit Findings And Recommendation for the court's review. He does so herein.

## II.   RECOMMENDATION

The Court acknowledges that default judgments are disfavored and reaffirms that cases should be decided on the merits if possible. *See In re Roxford Foods, Inc.*, 12 F. 3d 875, 879 (9th Cir. 1993). However, taking Plaintiff's allegations as true, *cf. Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), the court considers the following factors in deciding whether to enter a default judgment:

1. the prejudice to plaintiff;
2. the merits of the claims;
3. the sufficiency of the complaint;
4. the amount of money at stake;
5. the possibility the facts could have been disputed;
6. the existence of excusable neglect; and finally
7. the policy favoring decisions on the merits.

*Cf. Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered these factors, the Court FINDS:

1. Plaintiff will prejudiced by denying him entry of judgment;
2. Plaintiff's undisputed claims are deemed meritorious;
3. Plaintiff's pleading alleges his claim's essential elements;
4. Plaintiff's claim for money is insignificant, and a small claim for damages as provided for by the state statute analogous to the ADA furthers the legislative purpose of both laws;
5. Defendant had repeated opportunities to dispute the facts;
6. No grounds for excusable neglect have been established; and
7. The policy against default judgments will not be contravened.

However, the Court notes that Plaintiff's Complaint sought a permanent injunction concerning Defendant's future operation of public accommodations. The Court FINDS that particular relief is inappropriate because it is too speculative. No record has been made that Defendant will operate any public accommodation in the future, that such public accommodation will violate the ADA, or that Plaintiff will likely be injured. Therefore the Court RECOMMENDS that particular relief sought by Plaintiff's Motion be DENIED.

Plaintiff's Motion seeks his litigation expenses, namely his attorney's fees and his lawsuit costs as expressly provided for in the ADA. *See* 42 U.S.C. § 12205. An award of attorney's fees must be based on a calculation based on a lodestar amount multiplied by the number of hours reasonably expended. *See, generally, Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115 (9th Cir. 2000) (discussing the calculation using the well-known *Kerr* factors). Giving due consideration to the applicable factors, the Court FINDS a lodestar of $275.00 per hour plus general excise tax is appropriate as found previously by this Court in similar cases handled by Plaintiff's attorney. Moreover, the Court FINDS the number of attorney's hours expended, *see* Ex. A, attached hereto Counsel's Declaration, is reasonable and FINDS his claimed costs, *see* Ex. B, attached hereto Counsel's Declaration, are also reasonable.

Accordingly the Court RECOMMENDS Plaintiff be awarded costs of $398.80, attorney's fees of $2,591.82, and statutory damages of $1,000.00 for a total of $3,990.62. In addition the Court RECOMMENDS that certain equitable relief be ORDERED, namely an injunction requiring that within ninety days Defendant pays the above amount and brings its premises into full ADA compliance.

DATED: Honolulu, Hawaii, FEB 26, 2008.

APPROVED AND SO RECOMMENDED:

The Honorable Kevin S. Chang
United States Magistrate Judge

*Marczak v. Lehua Cocktail Lounge, Inc.*; USDC 07-418 JMS/KSC; Findings And Recommendation; FEB 26, 2008